HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN HENRY EBELING III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANN K CORDERO,<br><br>　　　　　Defendant. | CASE NO. C14-5444 RBL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

THIS MATTER is before the Court on Defendant Cordero's Motion for Summary Judgment. On June 2, 2011, Cordero drove her vehicle into the back of Ebeling's motorcycle. Ebeling was ejected, knocked out, and suffered a closed head injury, but spent only about an hour in the hospital. Three years and one day later, Ebeling sued. Cordero argues that the claim is barred by the three year limitations period. Ebeling claims he was incapacitated on the day of the accident, and that the limitations period tolled for at least that one day, making his claim timely.

## II. BACKGROUND

At the hospital, Ebeling was instructed to not be alone for 24 hours following discharge. Ebeling's friend, Randy Tagg, brought Ebeling home for care, and Ebeling remained at Tagg's house for several days following the accident.

In an effort to demonstrate the fact and extent of his incapacitation in the accident's aftermath, Ebeling has submitted declarations from Tagg, a doctor, and himself. Tagg claims that while Ebeling stayed with him, he demonstrated a lack of mental faculty—he was unable to recognize known locations, was in serious pain, and was often disoriented. The doctor's declaration[1] is to the same effect: Ebeling's injuries and his medications made it probable that he "would have experienced a significant impairment in cognition, memory and executive function."

Based on this evidence, Ebeling claims that he was incapacitated enough that the limitations period was tolled for at least one day, making his claim timely. Cordero argues that dismissal is required because Ebeling has failed to present evidence demonstrating that he was sufficiently incapacitated.

## III. DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for

---

[1] Dr. Musnick's declaration is in the form of expert opinion testimony; he was not Ebeling's treating physician and had no contact with him at the time.

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Negligence claims in Washington are subject to a three year limitations period. RCW 4.16.080(2). However, the limitations period is tolled when a plaintiff is sufficiently incapacitated at the time a cause of action accrues. *See* RCW 4.16.190. The Washington Supreme Court addressed the extent of incapacitation required to toll a limitations period in *Rivas v. Overlake Hosp. Medical Center*, 164 Wn.2d 261, 268 (2008). It held that for tolling to apply, a plaintiff must demonstrate that he was incapacitated at the time his cause of action accrued, and that he was incapacitated to an extent that he could not understand the nature of the proceedings. *See id.* Such incapacity is determined according to the Guardianship statutes—chapter 11.88 RCW: a person is "incapacitated" when he "has a significant risk of personal harm based upon a demonstrated inability to adequately provide for nutrition, health, housing, or physical safety." *Id.*; RCW 11.88.010(1)(a). This issue, then, is whether Ebeling has established (1) that he was incapacitated, and (2) that his incapacity was to such a degree that he would not have been able to understand the nature of the proceedings—meaning, presumably, that he could not understand that he had a legal cause of action.

*Rivas* appears to require relatively little factual support to overcome summary judgment in a limitations period tolling context. In *Rivas*, there was sufficient evidence to hold that the

limitations period tolled for a portion of the four days Rivas spent in the ICU due to surgery complications. *Rivas*, 164 Wn.2d at 265. Even though the defendant offered nurses' declarations that Rivas was "alert and oriented at all times, and was aware of her surroundings and medical condition," Rivas offered medical testimony to the effect that her medication regime and blood loss rendered her "incapacitated." *Id*. at 265-66. Rivas' family members also described her as "unresponsive" and "out of it" when they visited her at the hospital. *Id*. at 266.

The Washington State Supreme Court determined that (despite the plain language of the referenced guardianship statute) the "incapacity" required for tolling did not include a temporal component.[2] It held that Rivas had created an issue of fact as to whether she was incapacitated enough to toll the limitations period. *Id*. at 271.

Under *Rivas*, Ebeling has, just barely, met his burden to avoid summary judgment. Viewed in the light most favorable to him, the evidence could permit a reasonable jury to conclude that Ebeling was "incapacitated" to such a degree that he "could not understand the nature of the proceedings" for at least a day after the accident—the period necessary to bring his suit within the applicable limitations period. *Id*. at 270.

While Ebeling was sent home from the hospital shortly after being admitted—unlike Rivas, who was in the ICU for the entire tolling period—Ebeling did offer declarations (from Tagg and Dr. Musnick) which, like those at issue in *Rivas*, simply parrot the statute's

---

[2] Unlike the *Rivas* holding, the Guardianship statute plainly includes a temporal element:

> A determination of incapacity is a legal not a medical decision, based upon a *demonstration of management insufficiencies **over time*** in the area of person or estate. Age, eccentricity, poverty, or medical diagnosis alone shall not be sufficient to justify a finding of incapacity.

RCW 11.88.010(c) (emphasis added).

requirements in conclusory fashion.

The extent of Ebeling's incapacitation is a question of fact that cannot be resolved on summary judgment. The defendant's motion is DENIED.

IT IS SO ORDERED.

Dated this 10th day of October, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE